Michael AGE, et al.,
Plaintiffs-Appellants,

v.

BULLITT COUNTY PUBLIC SCHOOLS, et al., Defendants-Appellees.

No. 80–3488.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 14, 1981.

Decided and Filed March 11, 1982.

Phillip E. Allen, Louisville, Ky., Basil Lorch, III, Lorch & Lorch, New Albany, Ind., for plaintiffs-appellants.

J. D. Buckman, Jr., Charles C. Sanders, Shepherdsville, Ky., for Bullitt.

Edward L. Fossett, Legal & Legislative Service, Frankfort, Ky., for Kentucky Dept. of Ed.

Before WEICK * and KENNEDY, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

* Judge Weick became a Senior Circuit Judge on   December 31, 1981.

PHILLIPS, Senior Circuit Judge.

This appeal involves a determination by the Kentucky Department of Education of an appropriate educational program for the minor plaintiff under the Education for All Handicapped Children Act, 20 U.S.C. § 1401 *et seq.* The district court approved the determination of the Department. Plaintiffs appeal.

Appellant Michael Age is a twelve year old boy suffering from a severe to profound hearing loss. Through his parents as next friends, he objects to the State's proposed placement of him in a program developed by the Bullitt County Public Schools. Although the appellant is a resident of Bullitt County, he seeks to continue commuting to school in Jefferson County, because he believes the Jefferson County system offers a more appropriate program for one with his particular handicap. The State, on the other hand, prefers the Bullitt County program, asserting that it is appropriate within the meaning of the Act and that it will cost the State considerably less in tuition and transportation.

The Kentucky Department of Education and the Bullitt County Public Schools receive federal financial assistance under the Education for All Handicapped Children Act (hereafter the Act). Under the provisions of the statute, they are obligated to provide appellant Michael Age with a free, appropriate public education, as defined by the Act. *See* 20 U.S.C. §§ 1401(18), 1412(2) and 1414(a).

The present dispute requires a determination of whether the Bullitt County Public Schools program is "appropriate" for Michael under the Act. A prior proposed program had been appealed by the parents through the State administrative channels. The State agencies approved the plan, but the district court, pursuant to § 615(e)(2) of the Act, rejected it. The State then proposed a second program significantly modifying the initial plan, and this program was approved by the district judge. The approval of the district court of this second proposed program is before this court on the present appeal. We affirm.

I

The parents of Michael Age object to the Bullitt County program on the following grounds: it places Michael in a classroom with a child who will be taught by the "total" method of instruction, whereas Michael's Individualized Education Program, as defined in 20 U.S.C. § 1401(19), requires that he be taught by the "oral/aural" method (hereafter the oral method). The principal difference between the two methods is that the total method employs sign language and finger spelling, whereas the oral method relies exclusively on residual hearing, lip reading and speech. The oral method avoids the use of sign language because it can detract from the child's development of speech communication skills. A hearing-impaired child's reduced auditory feedback can make sign language and finger spelling much easier to learn than speech, and the child consequently may concentrate on sign language at the expense of his speech development. It is preferable where feasible for the child to learn speech communication skills so that he can participate to the greatest extent possible in the mainstream of society.

Michael has suffered since birth from a severe to profound hearing loss, with no measurable hearing above 1000 Hz in his right ear and none above 1500 Hz in his left ear. With binaural body hearing aids he can hear approximately 44 per cent of the words presented to him at a normal conversation level. For his preschool education he attended the Louisville Deaf Oral School, where he was taught by the oral method. Since the 1976–77 school year, he has attended the Layne Elementary School in Jefferson County, which is some 13.6 miles from his home in Bullitt County. At the time Michael started school, Bullitt County offered no program for students with hearing impairments. The Jefferson County school offered the type of program prescribed for the appellant in his Individualized Education Program, namely, a self-contained class utilizing the oral method. Bullitt County paid the costs of his tuition and transportation to Jefferson County.

In the summer of 1978 the Bullitt County Public Schools developed a program of education for students with hearing impairments, and advised the parents of appellant that he would be required to attend the Bullitt County program the following school year. The proposed program would have placed Michael in a classroom with two other children. The other children were to be taught by the total method and Michael by the oral method. Michael was to be "mainstreamed" for his nonacademic classes such as art, physical education and library. The appellant's parents appealed the decision of the County, pursuant to § 615 of the Act, maintaining that the combination of the two methods in the same classroom was inappropriate for Michael because it exposed him to sign language and it denied him interaction with other children taught by the oral method. The hearing officer issued a decision in favor of Bullitt County which ultimately was affirmed on appeal by the Kentucky Department of Education.

The appellant's parents appealed this decision to the district court, pursuant to § 615(e)(2) of the Act. After a hearing at which both sides presented extensive expert testimony, District Judge Thomas A. Ballantine disapproved the proposed placement, finding that, while the experts disagreed about the possible adverse effects of the sign language on Michael's oral development, they all agreed that peer interaction was of compelling importance to his development under the oral method, and that this interaction would be lacking in the proposed program. For this reason, Judge Ballantine found that the program did not satisfy the requirements of the Act. He retained the case on his docket for further consideration of proposed changes. Presumably Michael continued to attend school in Jefferson County during the 1979–80 school year.

The County proposed a second program for the school year 1980–81. Under this program, the appellant would be placed in a classroom with four other children. One of the children would be taught by the total method and the others, including Michael, by the oral method. The other children do not know or use sign language. The single child to be taught by the total method is to be segregated from the other children in the classroom when sign language is employed.

Michael's parents protested the use of the two methods of instruction in the single classroom, again presenting expert testimony with respect to the detrimental effects of sign language on a child's oral development. The County offered evidence that other programs within the State combine the two methods without apparent adverse effects, and that the children presently in the County's program have continued to develop their oral speech communication skills.

Michael's parents are concerned that several factors increase the risk that Michael will tend to pick up sign language and neglect his oral development. First, Michael's hearing loss is severe to profound, whereas the other children taught by the oral method in the classroom suffer only a moderate hearing loss. Learning and using oral communication skills are thus significantly more difficult for Michael than for the other children. In addition, the other children on the oral method are younger than Michael, although they are more advanced in some academic areas. The child taught by the total method, on the other hand, is the same age as Michael and suffers from a comparable hearing loss. Finally, Michael's language skills are not as well developed as those of other children his age, and the more easily learned sign language could threaten his basic language acquisition process while it is still in the formative stage.

Upon consideration of the evidence, Judge Ballantine approved the Bullitt County program, primarily because it offered the previously lacking element of peer group interaction with other students taught by the oral method. Judge Ballantine acknowledged the dispute among the experts with regard to the oral/total mix in the classroom, but held that the mere existence of a better program did not make the

proposed program inappropriate under the Act. In concluding that the program was appropriate, Judge Ballantine said:

Defendant, on the other hand, introduced credible evidence that the program which it has adopted is an appropriate educational program. Defendant's witnesses, Mrs. Comer and Ms. Tanner, the Kentucky Department of Education consultant for hearing impaired, both felt that the program was one of the best in Kentucky. Ms. Tanner found that the teacher was qualified and enthusiastic about the challenge of teaching these children. The individualized educational program for each student was well prepared and the students showed progress.

## II

■ The courts understandably are reluctant to involve themselves in the process of assigning children to particular classrooms, especially after detailed and expert determinations have been made by educators and administrative officials at the local and State levels. It nonetheless is evident that Congress intended the federal district court to make an independent determination of the appropriateness of the placement of the child. Section 615(e)(2) of the Act provides:

(2) Any party aggrieved by the findings and decision made under ... this section shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy. In any action brought under this paragraph the court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

The legislative history of the Act makes more apparent the intent of Congress that the reviewing court is not required to defer to the findings of the administrative agencies. The original version of the bill as approved by the House of Representatives required that the findings of the state agency be conclusive if supported by substantial evidence. See Senate Conference Report No. 94–455, 94th Cong. 1st Sess. at 47–48, reprinted in [1975] U.S.Code Cong. & Ad.News 1425, 1501. The Conference Committee, however, changed the bill to its present form, offering the following explanation:

The provisions of existing law with respect to judicial action are clarified and strengthened to assure that any party aggrieved by the findings and decision rendered in the due process hearing or the State educational agency review of such hearing shall have the right to bring a civil action with respect to the original complaint and matters relating thereto. Such action may be brought in any State court of competent jurisdiction or in a district court of the United States and in any such action the court shall receive the records of the due process hearing (and where appropriate the records of the review of such hearing), shall hear additional evidence at the request of any party, shall make an independent decision based on a preponderance of the evidence and shall grant all appropriate relief. A technical clarification is also made assuring that the district courts of the United States have jurisdiction of actions brought pursuant to these provisions without regard to the amount in controversy. Id. at 1503.

We can apply the standard of appropriateness to the facts of this case without fully defining its scope, a question which is presently pending before the Supreme Court. See Rowley v. Board of Education of the Hendrick Hudson Central School District, Westchester County, 483 F.Supp. 528 (S.D.N.Y.), aff'd, 632 F.2d 945 (2d Cir. 1980), cert. granted, —— U.S. ——, 102 S.Ct. 500, 71 L.Ed.2d 376 (1981). The present appeal involves the more narrow question of whether placement in the Bullitt County program will interfere unduly with the development of the language skills

of Michael Age. That is the basis upon which Michael's placement is alleged to be inappropriate. If the program in fact impairs Michael's progress, while the nearby and available Jefferson County program promotes his progress, Bullitt County's program is not appropriate under any standard of appropriateness. At present, this risk of impairment is the subject of divergent expert opinion.

■ The district court carefully considered the testimony of expert witnesses for the parties and concluded that a preponderance of credible evidence supported the contention of the County that the proposed program is appropriate for Michael. Judge Ballantine's conclusion is well supported by evidence that the teacher is enthusiastic and qualified, that the children's Individualized Education Programs are prepared well and carefully, that all the children presently participating in the program have made satisfactory progress, and that the children learning under the oral method in the program have not begun to pick up sign language from the child on the total method. Judge Ballantine also considered carefully the testimony of the expert witness for the appellant about the risks to Michael's language acquisition, but found that the expert's proposed solutions "were more Utopian than practical." We conclude that these findings of fact are not clearly erroneous. See Fed.R.Civ.P. 52(a).

The record indicates the following factors which could reduce the risk that injury may result if this placement proves erroneous. Michael Age is now two years older than when this program was first proposed and his basic language skills are more firmly within his grasp. In addition, he is blessed with parents who are concerned enough to take an active part in his education at no small sacrifice to themselves, as they have demonstrated by pursuing this case vigorously through every stage of the proceedings. The State and County also have made commendable and conscientious efforts to remedy the shortcomings found by the district court in the first proposed program, and to design an appropriate pro-

gram for Michael. Michael's progress will be monitored carefully, planned individually and evaluated annually in the Individualized Education Program required by the Act. See 20 U.S.C. § 1401(19). Thus, if his more severe hearing loss should make interaction with the other children too difficult, or if it should lead to his developing sign language skills to the detriment of his speech communication skills, his parents and educators would have early notice of these dangers, and they could re-evaluate the wisdom of placing him in the Bullitt County program. The courts, too, could make a better determination of the appropriateness of the program for the appellant.

Absent more definite evidence of this nature, however, we cannot say that the State has failed to reconcile satisfactorily Michael Age's need for a free, appropriate public education with the need for the State to allocate scarce funds among as many handicapped children as possible.

The judgment of the district court is affirmed. No costs are taxed. The parties will bear their own costs on this appeal.