**Harold Richard CLEVENGER, et al.**

v.

**OAK RIDGE SCHOOL BOARD, et al.**

**No. CIV. 3–83–353.**

United States District Court,
E.D. Tennessee, N.D.

Oct. 11, 1983.

Billy J. Stokes, Bond, Carpenter & O'Connor, Knoxville, Tenn., for plaintiffs.

Kathleen A. Maloy, Asst. Atty. Gen., Nashville, Tenn., James M. Webster, Buxton, Lain & Buxton, Oak Ridge, Tenn., for defendants.

## OPINION RENDERED FROM THE BENCH

ROBERT L. TAYLOR, Chief Judge.

The issue in this case is whether the Oak Ridge School Board's recommendation to place Harold Richard Clevenger in the Lakeshore Mental Health Institute (Lakeshore) satisfies the requirement that it provide a "free appropriate public education" to a child handicapped within the meaning of the Education For All Handicapped Children Act (the Act). 20 U.S.C. § 1400, *et seq.; see also* Tenn.C.Ann. § 49–2901, *et seq.*

"Free appropriate public education" means instruction and support services designed to meet the unique needs of the handicapped child which are provided at public expense, meet state educational standards, approximate grade levels used in the State's regular education program and comport with the child's individualized education program. 20 U.S.C. § 1401(18); *Board of Education of the Hendrick Hudson Central School District v. Rowley,* 458 U.S. 176, 102 S.Ct. 3034, 3049, 73 L.Ed.2d 690 (1982).

An individualized education program is a written statement developed at a meeting of representatives of the local education agency, the teacher and the parents of the child which contains the following:

(A) a statement of the present levels of educational performance of (the) child,

(B) a statement of annual goals, including short-term instructional objectives,

(C) a statement of the specific educational services to be provided (the) child, and the extent to which (the) child will be able to participate in regular educational programs,

(D) the projected date for initiation and anticipated duration of such services, and

(E) appropriate objective criteria and evaluation procedures and schedules for determining, on at least an annual basis, whether instructional objectives are being achieved.

20 U.S.C. § 1401(19).

In a civil action challenging the placement of a handicapped child, the Court must conduct a *de novo* review, giving due consideration to the state administrative proceedings. 20 U.S.C. § 1415(e)(2); *Rowley* 102 S.Ct. at 3051; *Roncker on Behalf of Roncker v. Walter,* 700 F.2d 1058, 1062 (6th Cir.1983). In this review, the Court's inquiry is two-fold:

1. has the State complied with the procedures set forth in the Act?

2. is the individualized education program [for the child in question] ... reasonably calculated to enable the child to receive educational benefits?

*Rowley* 102 S.Ct. at 3051.

Inquiry number one requires the Court to determine whether the state has adopted the policies and plans required by the Act and created an individualized education plan which conforms with the requirements of 20 U.S.C. § 1401(19); *Rowley* at 3051, n. 27.

Inquiry number two requires the Court to determine whether the proposed placement provides educational benefits to the child. The mere existence of a better program does not make the proposed program inappropriate, *Age v. Bullitt County Public Schools,* 673 F.2d 141, 143 (6th Cir.1982) nor must the proposed program maximize the potential of the child. *Rowley* 102 S.Ct. at 3046. Further, when evaluating two competing appropriate education programs, the Court should balance the needs of the handicapped child for a free appropriate education with the need of the State to allocate scarce funds among as many handicapped children as possible. *Roncker* at 1063; *Age* at 145.

Basing its decision on a preponderance of the evidence, the court shall grant such relief as it deems appropriate. 20 U.S.C. § 1415; *Age* at 145.

The State of Tennessee has adopted policies and plans in accordance with the Act. Tenn.C.Ann. § 49–2901, *et seq.* The Oak Ridge school system is a local state educational agency and is required to comply with the provisions of the Act and also with the provisions of Tennessee Code Annotated § 49–2912, *et seq.*

Richard is a resident of the City of Oak Ridge and is therefore entitled to educational services provided by the Oak Ridge school system. He is eighteen years of age and resides with his mother, Sharon Hammaker. Richard has been defined as "seriously emotionally disturbed" and meets the requirements of the Act for educational services for the handicapped.

He has attended the Oak Ridge school system and the last date of his full-time attendance was October 1982. Periods of absences from the Oak Ridge school system resulted from various actions taken by either the Department of Corrections or the child's mother and included placement of the child in a psychiatric hospital in Memphis, Tennessee.

The individual educational program (IEP) as required by the Act was developed by the Oak Ridge school system after various meetings involving the child's mother and teachers within the system. As a result of evaluations of Richard Clevenger by the Oak Ridge school system in the late fall of 1982, a recommendation was made by the Oak Ridge schools that the student required placement in a residential program which provided psychiatric therapy as well as educational services. Pursuant to this recommendation, the Oak Ridge school system recommended placement with the Tennessee State Department of Mental Health at Lakeshore in Knoxville, Tennessee. Richard's parent objected to this placement

and preferred placement at the Brown School located in Texas or the Devereaux School located in Pennsylvania.

The Court is of the opinion and finds from the evidence in this case that Lakeshore offers programs for children and young adults who are emotionally disturbed. These programs include an academic and educational component as well as a psychiatric therapy component and a social interaction component. Lakeshore maintains on its staff within the Riverbend program a psychologist and a psychiatrist and medical doctors to provide services to its patients. Lakeshore further provides educational instruction through certified special education teachers on a 9:2 ratio between students and teachers. The program offered through Lakeshore is a residential program, preferably on a five-day-a-week basis, with interaction developed between the child, parent, and Lakeshore. A component of the program involves family planning and counseling to develop a program for the child while at home.

Richard is emotionally disturbed but he is not incompetent or retarded. He possesses the capacity to progress academically and according to the evidence in fact has shown academic progress, when he was previously a patient at Lakeshore. In October 1982, a determination was made by Lakeshore staff that Richard was not appropriate for treatment at Lakeshore due to oppositional behavior on his part toward the staff. The Court is of the opinion and finds from the evidence that the cooperation of Richard, who is now past eighteen years of age, with the staff of Lakeshore, or for that matter any facility, is essential.

A due process hearing was held on March 24, 1983, at the request of the parent on the basis that the Oak Ridge school system denied educational services because no suitable program of education or related services is maintained. The mother did not concur in the recommendation of the Oak Ridge school system that Richard be placed in Lakeshore and did challenge its findings through the due process hearing. Since the date of the recommendation by the Oak Ridge school system, Richard has not been placed in Lakeshore. After a due process hearing in front of the hearing officer, an opinion and decision was reached by the hearing officer that Richard is not being denied educational services because no suitable program of education or related services is maintained. The hearing officer found that the recommended placement at Lakeshore is an appropriate placement for Richard.

In the opinion of the Court the recommended placement by the Oak Ridge school system is an appropriate placement under the provisions of the Education For All Handicapped Children Act and the complaint of the plaintiff must be dismissed.

Order Accordingly.