848 F.2d 189
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harold Richard CLEVENGER, b/n/f, Sharon A. Hamaker, Natural
Parent, and Harold Richard Clevenger,
Individually, Plaintiff/Appellees,
v.
The OAK RIDGE SCHOOL BOARD, et al., Robert J. Smallridge,
Superintendent; and Jo Ann Garrett, Shirley Hendrix, Steve
Scarbrough, Members of the Oak Ridge School Board, acting in
their official capacity; Dr. Robert L. McElrath,
Commissioner, Tennessee Department of Education, and
Chairman, State Board of Education: H. Lynn Greer, Jr.
Edward C. Blank, Jan Buxton, John Ferguson, R.B. Hailey,
John C. Jones, Florence Leffler, Hugh T. McDade, May Alice
Ridley, Nannie G. Rucker John E. Seward, Jr., Billy Ray
Vinson, Lamar Alexander, Wayne Brown, and Jo Leta Reynolds,
Members, State Board of Education, acting in official
capacity, Defendant/Appellants.
 No. 87-5314.
 United States Court of Appeals, Sixth Circuit.
 June 3, 1988.
 
 Before ENGEL and RYAN, Circuit Judge, and DAVID S. PORTER, Senior District Judge.*
 PER CURIAM:
 
 
 1
 This is an appeal by various educational officials of the State of Tennessee from an order granting the plaintiff/appellee attorney fees pursuant to the Handicapped Children's Protection Act of 1986 [hereinafter HCPA], 20 U.S.C. Sec. 1415 (1986). The appellants assert that the district court erred in awarding attorney fees against them for three reasons: 1) the retroactive provision of the HCPA is inapplicable to the previous final judgment in this case;[1] 2) the HCPA, as applied in the instant case, is unconstitutional;[2] and 3) even if the HCPA is constitutional, the HCPA intends that courts award attorney fees on a proportional basis, according to relative liability on the merits, and the appellants claim to be free of liability.
 
 
 2
 Appellee maintains that the State's notice of appeal is jurisdictionally defective and should be dismissed. Appellee asserts that the State's notice of appeal was not timely filed and that an untimely notice of appeal requires the appellate court to dismiss for lack of jurisdiction.
 
 
 3
 We agree with the appellee that the appellants' notice of appeal is untimely. Therefore, we dismiss for lack of jurisdiction.
 
 
 4
 In the case below, plaintiff/appellee filed a complaint in the United States District Court for the Eastern District of Tennessee, Northern Division on June 7, 1983. Appellee requested a determination that Lakeshore Mental Health Institute was not an appropriate placement for him, a determination of his appropriate educational placement, and attorney fees. On July 6, 1983, the defendant State of Tennessee filed a motion to dismiss the complaint against the State. This motion was denied by order dated August 11, 1983.
 
 
 5
 On October 10, 1983, the case was tried before the district court. At trial, the State of Tennessee renewed its motion to dismiss, which was again denied. The district court issued a decision from the bench dismissing the plaintiff's complaint. See Clevenger v. Oak Ridge School Bd., 573 F.Supp. 349 (E.D.Tenn.1983), rev'd, 744 F.2d 514 (6th Cir.1984).
 
 
 6
 On November 4, 1983, a notice of appeal was filed from the order entered on October 10, 1983. On November 7, 1984, this Court reversed the decision of the district court and ordered that the child be placed at the Brown School in San Marcos, Texas. See Clevenger v. Oak Ridge School Bd., 744 F.2d 514 (6th Cir.1984).
 
 
 7
 On August 5, 1986, the Handicapped Children's Protection Act of 1986 was approved. The HCPA amended the Education for All Handicapped Children Act [hereinafter "EAHCA"] by providing that "the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a handicapped child or youth who is the prevailing party."[3] 20 U.S.C. Sec. 1415(e)(4)(B) (1986). The notes following the Act provide that "[t]he amendment made by section 2 shall apply with respect to actions or proceedings brought under section 615(e) of the Education of the Handicapped Act after July 3, 1984, and actions or proceedings brought prior to July 4, 1984, under such section which were pending on July 4, 1984." 20 U.S.C. Sec. 1415 (1986).
 
 
 8
 The HCPA was enacted in direct response to the decision of the United States Supreme Court in Smith v. Robinson, 468 U.S. 992 (1984). In Smith, the Court held that remedies under EAHCA were exclusive, and that attorney fees were not recoverable. Smith was decided on July 5, 1984. The retroactive provision of the HCPA is applicable to cases brought after or pending on July 4, 1984. Thus, it is clear that Congress was rejecting the reasoning of Smith v. Robinson and reaffirming its original intent to make the award of attorney fees available under the EAHCA.
 
 
 9
 However, President Reagan, upon signing the HCPA, expressed some concerns regarding the constitutionality of its retroactive provision as it affected final judgments:
 
 
 10
 ... I have serious reservations concerning section 5 of the act, which permits the award of attorneys' fees in any case that was pending on July 4, 1984, including suits that have already been concluded. The retroactive application of the act to cases that are no longer pending permits the Congress to displace the judicial function by interfering with a final judgment. To do so disturbs the settled expectations of the parties and the traditional finality that our society has accorded court decisions. Moreover, it is not clear what rational basis there is for imposing attorneys' fees in cases that have already been settled or finally adjudicated. However, given the underlying merits of the act generally, I am signing this measure, notwithstanding the constitutional problems it presents.
 
 
 11
 Statement on Signing S. 415 Into Law, 22 WEEKLY COMP.PRES.DOC. 1050, (Aug. 11, 1986), reprinted in 1986 U.S.Code Cong. & Admin.News 1811.
 
 
 12
 On September 5, 1986, a petition seeking attorney fees was filed in the district court by the plaintiff, the prevailing party in this case. On September 23, 1986, an order approving the attorney fees was entered as follows:
 
 
 13
 This was a civil action under the Education for All Handicapped Children Act, 29 U.S.C. Sec. 1412, in which the mother of Harold Richard Clevenger (a severely brain-damaged youth) sought to have him placed at the Brown School in San Marcos, Texas, rather than at Riverbend, a residential school with psychiatric treatment, which is part of the Lakeshore Mental Health Institute in Knoxville, Tennessee. The district court, Honorable Robert L. Taylor presiding, upheld the School Board's recommendation that Clevenger be placed at Riverbend and declined to impose on the Oak Ridge school system the additional expense of sending Clevenger to the Brown School. On appeal, this decision was reversed. The action is now before the Court on a petition for attorney fees filed by Billy J. Stokes, attorney for the plaintiffs [Doc. 33].
 
 
 14
 Mr. Stokes reports, by itemized affidavit, that he expended 149.40 hours on behalf of the plaintiffs. The Court finds this reasonable in light of the nature of the case and hereby AWARDS Mr. Stokes a fee of $14,940 (a rate of $100/per hour) as a fair compensation for his work on this case.
 
 
 15
 The Court FINDS further that the plaintiffs are entitled to recover the costs of this litigation as itemized by the Clerk of the Court. (Order awarding fees and costs, 9/23/86, Doc. 36).
 
 
 16
 On September 30, 1986, the attorney representing the State received a copy of this order. No opposition was raised by any defendant.
 
 
 17
 On October 14, 1986, a motion to reconsider was filed on behalf of Oak Ridge. By order dated October 23, 1986, Oak Ridge's motion was dismissed as untimely.
 
 
 18
 The State did not object to the entry of the September 23, 1986 order or the reasonableness of the fees and costs. No motions of the type that would extend the time for filing a notice of appeal were filed.[4]
 
 
 19
 On December 8, 1986, Oak Ridge paid half of the fees and expenses ordered and contended that the State was liable for the other half. The State refused to pay any money to the plaintiff pursuant to the September 23, 1986 order. On December 22, 1986, the plaintiff filed a motion to show cause why defendants should not be held in contempt for failing to comply with the court's order. The same day, the State filed a motion to clarify the order in which the State requested that the court "clarify liability among the parties pursuant to its order filed September 23, 1986 awarding attorney fees in this case." This motion was accompanied by a memorandum of law in which the State alternatively argued that the Eleventh Amendment bars State liability for any monetary relief under EAHCA.
 
 
 20
 A hearing on the motion to show cause was held on January 15, 1987. By order dated February 15, 1987, the district court determined that the defendants were not in contempt. It found that the legislative history of the HCPA made it clear that Congress intended to make attorney fees available in actions under EAHCA to the same extent that they would be available in other civil rights actions pursuant to 42 U.S.C. Sec. 1988 (1981). Because there was ample precedent in the Sec. 1988 cases to indicate that these awards are valid when, as here, there has been a judgment against the State on the merits, the district court found the defendants jointly and severally liable for the fees and costs previously ordered. The State then paid the balance of the fees and costs due, but initiated the instant appeal to this Court.
 
 
 21
 We consider that the threshold and controlling issue presented is whether or not the September 23, 1986 order is a "final" order. We conclude that it is, and this appeal is therefore not timely. We turn to a discussion of our reasons for this conclusion.
 
 
 22
 Rule 3 of the Federal Rules of Appellate Procedure provides in pertinent part:
 
 Appeal as of Right--How Taken
 
 23
 (a) Filing the Notice of Appeal. An appeal permitted by law as of right from a district court to a court of appeals shall be taken by filing a notice of appeal with the Clerk of the district court within the time allowed by Rule 4. Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal....
 
 
 24
 By its very nature, Rule 3 must be read in conjunction with Rule 4 of the Federal Rules of Appellate Procedure. It provides in relevant part:
 
 Rule 4. Appeal as of Right--When Taken
 
 25
 (a) Appeals in Civil Cases.
 
 
 26
 (1) In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals, the notice of appeal required by Rule 3 shall be filed with the Clerk of the district court within 30 days after the date of entry of the judgment or order appealed from....
 
 
 27
 (4) If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: (i) for judgment under Rule 50(b); (ii) under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (iii) under Rule 59 to alter or amend the judgment; or (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any such motion....
 
 
 28
 (6) A judgment or order is entered within the meaning of this rule (a) when it is entered in compliance with Rules 58 and 79(a) of the Federal Rules Civil Procedure.
 
 
 29
 The reference to Rule 58 of the F.R.C.P. indicates that a judgment must be set forth on a separate document. The notes of the Advisory Committee on Appellate Rules state that Rule 3 and Rule 4 combine to require that a notice of appeal be filed with the Clerk of the district court within the time prescribed for taking an appeal. Because the timely filing of a notice of appeal is "mandatory and jurisdictional," United States v. Robinson, 361 U.S. 220 (1960), compliance with the provisions of those rules is of the utmost importance.
 
 
 30
 The state appellants concede that they did not file a notice of appeal from the district court's order, dated September 23, 1986, within thirty (30) days as required by Federal Rule of Appellate Procedure 4(a)(1) (Appellants' Reply Brief at 1). Also, the State appellants concede that they did not file one of the motions set forth in Federal Rules of Appellate Procedure 4(a)(4) which would suspend the running of time to appeal (Appellants' Reply Brief at 1). State appellants merely argue that the district court's September 23, 1986 order was not a final order. We have examined state appellants' arguments and find them without merit.
 
 
 31
 State appellants rely almost entirely on City of Louisa v. Levi, 140 F.2d 512 (6th Cir.1944). In City of Louisa, this Court found that "[a] final judgment is one which disposes of the whole subject, gives all the relief that was contemplated, provides with reasonable completeness, for giving effect to the judgment and leaves nothing to be done in the cause save to superintend, ministerially, the execution of the decree." Id. at 514. We find reliance on City of Louisa misplaced because the order in question gives the relief requested, namely, an award of attorney fees. There is nothing to be done in the matter except to execute the decree.
 
 
 32
 The State appellants advance a number of other arguments with which we disagree. One example is the argument that the September 23, 1986 order was incomplete. In this connection, we note the order did set out the amount of attorney fees and was entered of record. It does not therefore run afoul of deMouy v. Ingvoldstad, 664 F.2d 21 (3d Cir.1981) which holds that an appeal may not be taken until the amount of fees has been determined and entered of record.
 
 
 33
 Next, we disagree with the argument that the order of September 23, 1986 was not set forth on a separate document as required by Rule 58 of the Federal Rules of Civil Procedure.
 
 
 34
 Finally, we disagree totally with the argument that the September 23, 1986 order was somehow vacated by the February 5, 1987 order denying the State appellants' motion to clarify. Nowhere does the court indicate that it considered the motion to clarify a Rule 60 motion, and there is no evidence that the court intended that the February 5, 1987 order vacate the September 23, 1986 order. In our opinion, the February 5, 1987 order was merely a response to appellants' argument that the State did not have to pay because of the Eleventh Amendment and the part of the order that says that the liability was joint and several was incidental and did not change the substance of, nor vacate, the September 23, 1986 order.
 
 
 35
 In passing, we note that in the supplemental submissions appellee points out that the September 23, 1986 order and the February 5, 1987 order are identical in form. Appellee argues therefore that if the September 23 order is not in compliance with Rule 58, as argued by appellants, then neither is the February 5 order, and, hence, this appeal would be premature, even if timely. We do not reach this argument because we rest our decision on the conclusion that the September 23 order is a final order and the appeal is untimely.
 
 
 36
 Appellee has applied for an award of attorney fees for appellate representation (Appellee's Brief at 34-36). However, such an application must be and is referred to the district court below which has a greater facility for the fact-finding necessary to determine the appropriate amount of fees to be allowed. We believe that statutory authorization exists for such an award pursuant to the HCPA.
 
 
 37
 Costs of this appeal are to be borne by appellants.
 
 
 
 *
 The Honorable David S. Porter, United States District Court for the Southern District of Ohio, sitting by designation
 
 
 [1]
 Appellants assert that this Court should avoid substantial constitutional questions by interpreting that the retroactive provision of the HCPA is inapplicable to cases in which final judgments had been reached prior to the enactment of the HCPA on August 5, 1986, even though such cases may have been pending on July 4, 1984. See I.A.M. Nat'l Pension Fund v. Wakefield Indus., 612 F.Supp. 643, 647 (D.D.C.1985)
 
 
 [2]
 Appellants raise three constitutional issues (Appellants' Brief at 13-32). First, appellants assert that the Separation of Powers Doctrine prevents Congress from interfering with the power of the judiciary by disturbing final judgments. See McCullough v. Virginia, 172 U.S. 102 (1898). Second, appellants contend that they have a vested property right, protected by the Fifth Amendment, to not have the final judgment reopened in order to award attorney fees to appellee. To do so constitutes a taking of property without just compensation and violates the Due Process clause. See United States v. Board of Educ. of City of Chicago, 588 F.Supp. 132, 235 (N.D.Ill.1984). Third, appellants submit that the State had a contract with the federal government via the EAHCA and that the retroactive provision of the HCPA imposing liability for attorney fees has impaired the obligation of this contact in violation of the Due Process Clause of the Fifth Amendment
 
 
 [3]
 Plaintiff/Appellee became a prevailing party on November 7, 1984 by mandate of this Court. Clevenger v. Oak Ridge School Bd., 744 F.2d 514 (6th Cir.1984)
 
 
 [4]
 See Rule 4(a)(4) of the Federal Rules of Appellate Procedure and Rules 50(b), 52(b), and 59 of the Federal Rules of Civil Procedure. See infra p. 9